IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00652-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

'JUL 24 2008

GREGORY C. LANGHAM
_____
CLERK

CONRAD ARCHULETA,

     Applicant,

v.

WARDEN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

ORDER OF DISMISSAL

_____

I. Background

     Applicant Conrad Archuleta is in the custody of the Colorado Department of
Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility.
Mr. Archuleta initiated this action by filing a *pro se* Application for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and
sentence in Case No. 04CR19 in the Mesa County District Court of Colorado. In an
order filed on May 12, 2008, Magistrate Judge Boyd N. Boland directed Respondents to
file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of
timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28
U.S.C. § 2254(b)(1)(A). On June 20, 2008, Respondents filed an Answer. Mr.
Archuleta has not replied to the Answer within the time allowed.

In the Application, Mr. Archuleta asserts that on June 30, 2005, following a jury trial, he was convicted of two counts of first degree burglary, robbery, menacing, second degree assault, false imprisonment, aggravated armed robbery, and an enhancer, and was sentenced to a total of twenty-five years of incarceration. (Application at 2.) He further asserts he filed a direct appeal, in which a mandate was entered on May 18, 2007, affirming his conviction. (Application at 3.)

In the Answer, Respondents assert that in September 2005 Mr. Archuleta was sentenced to twenty-five years of imprisonment and that his conviction and sentence were affirmed on appeal and his petition for writ of certiorari was denied by the Colorado Supreme Court on May 14, 2007. (Answer at 2.) Respondents further contend that Mr. Archuleta filed a motion for sentence reduction in the state district court on September 10, 2007, and the district court denied the motion on October 10, 2007, but Mr. Archuleta did not appeal the denial. (Answer at 2.)

II. Analysis

The Court must construe liberally Mr. Archuleta's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court finds the action is timely but will dismiss the action without prejudice as a mixed petition.

A.  28 U.S.C. § 2244(d) Time-Bar

Respondents assert that Mr. Archuleta's Application appears to be timely under 28 U.S.C. § 2244(d).  For purposes of § 2244(d), the one-year time limitation began to run ninety days after the Colorado Supreme Court denied Mr. Archuleta's petition for certiorari review, which is when the time for seeking review in the United States Supreme Court expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999)).  A copy of the Colorado Supreme Court order denying Applicant's petition for certiorari review is attached to the Answer as Appendix F.  The denial is dated May 14, 2007.  Therefore, Applicant's conviction became final on August 13, 2007.  *See* Sup. Ct. R. 30(1).  Also, according to Respondents and to the attached register of state action in the criminal case, (Answer at App. A), Mr. Archuleta had a postconviction motion pending from September 10, 2007, until October 10, 2007.

The Court finds that less than a year has passed since Mr. Archuleta's conviction and sentence was final and during that time thirty days were tolled while Applicant's motion for reduction of sentence was pending.  The Application, therefore, is timely under § 2244(d).

B.  State-Court Exhaustion

Respondents contend that Mr. Archuleta has exhausted Claims One and Two but argue that he has not exhausted Claim Three.  In his Application, Mr. Archuleta concedes that he has not exhausted Claim Three and that he is filing a Colo. R. Crim. P. 35(c) postconviction motion to raise the claims he did not raise in his direct appeal.

3

(Application at 9.) Mr. Archuleta also requests in his Application that this Court grant him a stay while he exhausts his claims in a postconviction motion. (Application at 9.)

As for Mr. Archuleta's request that this Court stay the instant action, the United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Mr. Archuleta must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Mr. Archuleta fails to assert good cause.

Mr. Archuleta has until September 12, 2008, before the one-year time limitation runs for the purpose of 28 U.S.C. § 2244(d). Mr. Archuleta is able to file a postconviction motion in state court if he desires to present Claim Three and then pursue the claim in this Court after he has exhausted state court remedies. The time during which a properly filed postconviction motion is pending in state court is tolled under 28 U.S.C. § 2244(d). *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000).

Mr. Archuleta is aware of the time within which he needs to file a timely second habeas action. Furthermore, Mr. Archuleta states in the Application that he "is filing a 35(c) postconviction [motion] to exhaust other claims not raised in direct appeal." (Application at 9.) Therefore, the Court will deny Mr. Archuleta's request that the action be stayed, and will dismiss the Application without prejudice as a mixed petition.

4

III. Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice as a mixed petition. Accordingly, it is

ORDERED that Mr. Archuleta's request for a stay of the instant Application is denied. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition.

DATED at Denver, Colorado, this _23_ day of _____July_____, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00652-BNB

Conrad Archuleta
Prisoner No. 128120
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _7/24/08_

GREGORY C. LANGHAM, CLERK

By:_____
                 Deputy Clerk